UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-60099-CR-ZLOCH

UNITED STATES OF AMERICA

vs.

BRADLEY BIRKENFELD,

      Defendant.
_____/

MOTION FOR SENTENCE REDUCTION
PURSUANT TO U.S.S.G §5K1.1 AND 18 U.S.C. § 3553(e)

      The United States of America, by and through the undersigned attorneys, hereby respectfully moves this Honorable Court for a reduction in sentence for defendant Bradley Birkenfeld, pursuant to Title 18, United States Code, Section 3553(e), and Section 5K1.1, United States Sentencing Guidelines, and in support thereof states as follows:

      1.    In the summer of 2007, Bradley Birkenfeld provided to the United States information relating to an ongoing multi-billion dollar scheme to defraud the United States being perpetrated by UBS AG ("UBS") and its United States clients.  However, at that time, Birkenfeld refused to provide the United States with information concerning his own involvement in the scheme.

      2.    UBS is Switzerland's largest bank. The UBS United States cross-border business employed approximately 60 private bankers and had offices in Geneva, Zurich, and Lugano, Switzerland.  Birkenfeld had worked as a private banker in Geneva, Switzerland for UBS in the United States cross-border business.   Private bankers in the United States cross-border business

frequently traveled to the United States to meet with and to conduct business with their United States clients.

3. The United States opened an investigation based upon information provided by defendant Birkenfeld regarding the activities of Swiss bankers in the UBS United States cross-border business.

4. The United States subsequently obtained evidence of Birkenfeld's involvement in assisting United States clients evade United States federal income taxes. On April 10, 2008, a federal grand jury in the Southern District of Florida returned a one-count indictment charging defendant Bradley Birkenfeld with conspiring to defraud the United States, in violation of Title 18, United States Code, Section 371. An arrest warrant was issued for defendant Birkenfeld. On May 7, 2008, upon arrival in the United States, Birkenfeld was arrested in Boston, Massachusetts.

5. On June 19, 2008, this Court accepted defendant Birkenfeld's plea of guilty to the one-count Indictment. As part of his plea agreement, the defendant agreed to cooperate with the United States in its ongoing investigations.

6. Following his arrest, Birkenfeld provided additional evidence that in part, resulted in a federal grand jury in the Southern District of Florida returning a one-count conspiracy indictment against defendant Raoul Weil, who at the time of indictment was the executive at UBS who oversaw the bank's wealth management business, which included the United States cross-border business (United States v. Raoul Weil, Case No. 08-60322-CR-COHN).

7. On February 18, 2009, UBS and the United States entered into a deferred prosecution agreement whereby UBS admitted that it had participated in a scheme to defraud the United States by actively assisting a number of United States clients in establishing accounts at UBS in a manner

designed to conceal the United States taxpayers' ownership or beneficial interest in their UBS accounts. UBS further admitted that it actively assisted or otherwise facilitated certain United States clients, who UBS knew or should have known were evading United States taxes, by meeting with such clients in the United States and communicating with them via United States jurisdictional means on a regular and recurring basis with respect to their UBS undeclared accounts (United States v. UBS AG, Case No. 09-60033-CR-COHN).

8.  As part of the deferred prosecution agreement, UBS also agreed to provide information regarding certain American clients of the United States cross-border business, to pay $780 million in fines and restitution, and to shut down the United States cross-border business.

9.  Ultimately, based upon information obtained from UBS as part of the deferred prosecution agreement, the United States is criminally investigating more than 150 Americans across the country who are believed to have concealed income and assets at UBS, in violation of United States law. To date, three such American clients have pleaded guilty to filing false tax returns that failed to disclose the existence of their UBS Switzerland bank account and report the income associated with said account on their United States Individual Tax Return, Form 1040 (United States v. Robert Moran, Case No.09-60089-CR-COHN, United States v. Steven Michael Rubinstein, Case No. 09-60166-CR-COOKE, United States v. Jeffrey Chernick, Case No. 09-60182-CR-COHN). A fourth defendant, John McCarthy, has been charged in the Central District of California with willfully failing to file with the Department of Treasury a Report of Foreign Bank and Financial Accounts (Form TD F 90-22.1 "FBAR") that would have disclosed his interest in an account at UBS in Switzerland (United States v. John McCarthy, Case No. CR09-00784).

10.     The deferred prosecution agreement paragraph 13 stated that the United States would be seeking enforcement of a civil "John Doe" summons seeking records for United States persons who maintained accounts with UBS in Switzerland (<u>United States v. UBS AG</u>, Case No. 09-20423-CV-GOLD). On August 12, 2009, it was announced that UBS and the United States had reached a settlement with respect to the John Doe summons, and it is expected that as part of the settlement UBS will produce the identities and account information of additional UBS customers who are believed to have violated United States law.

11.     In addition to providing information to the United States Department of Justice Tax Division and the United States Attorney's Office for the Southern District of Florida, defendant Birkenfeld has provided information to the Securities and Exchange Commission, the Internal Revenue Service, the United States Senate Permanent Subcommittee on Investigations of the Committee on Homeland Security and Governmental Affairs, and to foreign countries who are investigating, among other things, UBS's conduct in those countries.

12.     Defendant Birkenfeld has provided substantial assistance in the investigation and prosecution of others who have committed offenses. This substantial assistance has been timely, significant, useful, truthful, complete, and reliable.

13.     The defendant's current advisory guideline range is 70 to 87 months; however, he cannot receive a sentence in excess of 60 months, the statutory maximum.  Pursuant to Title 18, United States Code, Section 3553(e), and Section 5K1.1, United States Sentencing Guidelines, the United States asks this Court to reduce the defendant's sentence by fifty  percent and to impose a sentence of 30 months.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

Date: <u>August 17, 2009</u>     By:   /s KEVIN M. DOWNING
KEVIN M. DOWNING
SENIOR TRIAL ATTORNEY
MICHAEL P. BEN'ARY
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION

By:   /s JEFFREY A. NEIMAN
JEFFREY A. NEIMAN
ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2009, I electronically filed the foregoing document, with the Clerk of Court using CM/ECF.

Dated: August 17, 2009

        /s JEFFREY A. NEIMAN
        Jeffrey A. Neiman
        Assistant United States Attorney