# Exhibit I

Internal Revenue Service
United States Department of the Treasury

**Statement from IRS Commissioner Doug Shulman on Offshore Income**

March 26, 2009

My goal has always been clear — to get those taxpayers hiding assets offshore back into the system. We recently provided guidance to our examination personnel who are addressing voluntary disclosure requests involving unreported offshore income. We believe the guidance represents a firm but fair resolution of these cases and will provide consistent treatment for taxpayers. The goal is to have a predictable set of outcomes to encourage people to come forward and take advantage of our voluntary disclosure practice while they still can.

In the guidance to our people, we draw a clear line between those individual taxpayers with offshore accounts who voluntarily come forward to get right with the government and those who continue to fail to meet their tax obligations. People who come in voluntarily will get a fair settlement. We set up a penalty framework that makes sense for them — they need to pay back-taxes and interest for six years, and pay either an accuracy or delinquency penalty on all six years. They will also pay a penalty of 20 percent of the amount in the foreign bank accounts in the year with the highest aggregate account or asset value. Just to be clear, this is 20 percent of the highest asset value of an account anytime in the past six years. This gives taxpayers — and tax practitioners — certainty and consistency in how their case will be handled.

We have instructed our agents to resolve these taxpayers' cases in a uniform, consistent manner. Those who truly come in voluntarily will pay back taxes, interest and a significant penalty, but can avoid criminal prosecution.

At the same time, we have also provided guidance to our agents who have cases of unreported offshore income when the taxpayer did not come in through our voluntary disclosure practice. In these cases, we are instructing our agents to fully develop these cases, pursuing both civil and criminal avenues, and consider all available penalties including the maximum penalty for the willful failure to file the FBAR report and the fraud penalty.

We believe this is a firm, but fair resolution of these cases. It will make sure that those who hid money offshore pay a significant price, but also allow them to avoid criminal prosecution if they come in voluntarily. As we continue to step up our international enforcement efforts, this is a chance for people to come clean on their own. Our guidance to the field is for the next six months only, after which we will re-evaluate our options.

For taxpayers who continue to hide their head in the sand, the situation will only become more dire. They should come forward now under our voluntary disclosure practice and get right with the government.

*Page Last Reviewed or Updated: April 02, 2009*